Howard T. Hogan, J.
Plaintiff in an action for a permanent injunction and for a declaration of the rights of the parties moves for a temporary injunction restraining the defendants from interfering with plaintiff’s enjoyment of a right of way and easement 'over defendants’ property.
The properties involved lie in the Incorporated Village of Lattingtown in a 2-acre residence district, and were originally in the single ownership of one H. Lansing Carey. They formed an estate of approximately 14 acres, improved with a large mansion and a cottage. A private road, 40 feet in width and a right of way 16 feet in width from Horse Hollow Road, a public street, gave access to both buildings. In 1953, Carey sold the main house and approximately 12 acres of land to one Marz, reserving to himself the cottage and 2 acres of land. The aforesaid private road and right of way run partly across each property.
At the time of the conveyance an easement agreement was executed which gave to Merz and his successors in title the right to use those portions of the road and right of way located on the smaller parcel reserved by Carey ‘ ‘ for all ordinary purposes of ingress and egress between Horse Hollow Road and the Main Parcel.”
Thereafter, in 1954, Carey sold the cottage and 2-acre parcel to the defendants, subject to the aforesaid easement. On May 22, 1959, title to the larger parcel passed to the plaintiff, which intends to devote it to use as an elementary school by altering the mansion into classrooms.
Defendants now refuse to permit the school buses and other vehicles used by the plaintiff in the operation of its school facilities to use the portions of the road and right of way upon their property.
In order to prevail upon this application plaintiff must show a reasonable probability of succeeding upon its complaint, and also that it will be irreparably harmed if defendant is not enjoined pendente lite. Plaintiff has done neither.
The easement was created in 1953 as an adjunct to the residential use of the mansion which was being sold. It provided for access and egress for ordinary purposes only. What was intended by this limitation? In Wilson v. Ford (148 App. Div. 307-315), it was said: “ The nature of the easement must be determined solely by the agreement creating it read in the light of surrounding circumstances where necessary to illumine *1023 intent. The correct construction of this agreement, as of any other contract, is that which will give effect to the intention of the parties at the time the agreement was entered into.”
The property was sold to Merz with the intent that it be used as a dwelling and presumably it was so used for six years thereafter, until 1959. It cannot be said that the original seller and purchaser intended that at some time in the future a number of buses would be free to cross daily over the property retained by the seller. No such expansion of the easement can be justified from the language of the instrument creating it (Wilson v. Ford, supra).
Moreover, plaintiff has not established that it will suffer serious damage if it is compelled to await a determination after a trial. From the survey of the property attached to the moving papers it clearly appears that there is a service road which does not encroach upon defendants’ property but which gives access to the rear of the mansion. Presumably school will not be in session during the Summer months. An early trial may be had in the Fall.
For these reasons the application for a temporary injunction is denied.